**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:12-CR-40 (WLS) |
| | : | |
| BRAD HEARD SR. *et al*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **ORDER**

Before the Court is the United States of America's Motion for Continuance in this matter. (Doc. 62.) The Government requests a continuance from the June trial calendar until the October trial calendar, beginning October 15, 2013. (*Id.*) Separately, counsel for Defendants Brad Heard Sr., Lawton Heard, and Craig Howell also request a continuance until the October trial calendar. (Doc. 61.) Counsel for Brad Heard Jr. requests a continuance until the January 2014 trial calendar because of a conflict. (*Id.* at 1 n.1.) Additionally, all of the Parties request that the Court designate this case as complex under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(ii).

The Speedy Trial Act permits a district court to grant a continuance at the request of a defendant or his counsel, so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Act compels a court to consider a number of factors when granting a continuance, including

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

§ 3161(h)(7)(B)(ii).

The Court finds that, in this case, the ends of justice served by granting a continuance and designating the case as complex outweigh the best interest of the public and Defendants in a speedy trial. This case is too complex to expect the parties to prepare for trial during the statutory time periods. It involves four defendants, a twenty-page indictment, twenty-seven counts, and an alleged scheme that spans at least several years. Additionally, counsel for Heard Sr. represented to the Court that the Government's discovery includes thousands of bank documents that will require scrutiny.

For good cause shown, the Government's motion (Doc. 62) is **GRANTED**. Therefore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, shall be **EXCLUDED FROM COMPUTATION** pursuant to 18 U.S.C. § 3161(h)(7), for the aforementioned reasons. Accordingly, the case is hereby **CONTINUED** to the October trial term, beginning October 15, 2013, unless earlier or otherwise ordered by the Court. Defendant Heard Jr.'s request to continue the case until the January 2014 trial calendar because of an unspecified conflict is insufficient to justify exclusion under the Speedy Trial Act.

Additionally, the Parties' Proposed Scheduling Order (Doc. 61.) is **ADOPTED** and **MADE ORDER** of the Court.

**SO ORDERED,** this   7th  day of May 2013.

                                           /s/ W. Louis Sands
                                      **THE HONORABLE W. LOUIS SANDS**
                                      **UNITED STATES DISTRICT COURT**